<div align="center">

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

</div>

---------------------------------------------x

| | |
|---|---|
| **LAURA GORMAN** | JURY TRIAL REQUESTED |
| *Plaintiff* | |
| | |
| VS. | |
| | |
| **LAZ PARKING LTD, LLC** | SEPTEMBER 26, 2018 |
| *Defendant* | |

---------------------------------------------x

<div align="center">

**COMPLAINT**

</div>

**I.   INTRODUCTION:**

1.   This is an action alleging discrimination and wrongful termination of employment on the basis disability in violation of the provisions of the Connecticut Fair Employment Practices Act (hereinafter, "CFEPA") enumerated in Connecticut General Statutes § 46a-60(b)(1) and interference and retaliation in violation of the Family Medical Leave Act (hereinafter, "FMLA"), 29 USC § 2612 *et seq*.

**II.   PARTIES:**

2.   The Plaintiff, Laura Gorman, was at all times set forth herein a resident of the Town of Simsbury, State of Connecticut.

3.   The Defendant, LAZ Parking Ltd., LLC, is a corporation organized under the laws of the State of Connecticut. It has a primary place of business located at 15 Lewis Street, Hartford, Connecticut.

**III.   JURISDICTION:**

4. Plaintiff filed a complaint with the Equal Employment Opportunities Commission (hereinafter "EEOC") on or about February 28, 2018.

5. Plaintiff received a release of Right to Sue Letter from the EEOC on or about September 11, 2018. Said notice is appended to this complaint as "<u>Exhibit A</u>."

**IV.   FACTUAL ALLEGATIONS:**

6. Plaintiff was hired by the Defendant in April of 2010.

7. Throughout the duration of Plaintiff's employment with the Defendant, Plaintiff held the title of "Manager of Insurance and DOT Compliance."

8. Plaintiff suffers from mental disabilities; specifically, Plaintiff suffers from mood disorder, depression, anxiety, and post-traumatic stress disorder.

9. Due to Plaintiff's disabilities and the medications that Plaintiff takes to help regulate her disabilities, Plaintiff suffers from episodic periods of incapacity. Plaintiff further requires flexible start times.

10. The Defendant was aware that Plaintiff suffers from the aforesaid disabilities.

11. Plaintiff's prior manager, Ray Skoglund, made several comments about Plaintiff's disabilities, including one time when he was talking about various types of people and he said to the Plaintiff "and the depressive types – you know, like you."

12. Mr. Skoglund stated that he knew Plaintiff struggled "with mental issues."

13. Mr. Skoglund askeded if she had a doctor treating her for her mental and emotional issues and if she was prescribed medications.

14. Around July of 2015 I submitted paperwork to request an intermittent leave pursuant to the FMLA to Brian Colewell, in the Defendant's Human Resources Department.

15. Plaintiff believed that her FMLA request had approved because she never heard anything further from the Defendant about the request and was unsure how the process worked.

16. In or around the beginning of 2016, Henry Pierz took over as Plaintiff's direct supervisor.

17. Plaintiff's supervisor prior to Mr. Pierz had no issues with affording Plaintiff a flexible start time as an accommodation for her medical disabilities, and likewise allowed Plaintiff to work from home at times.

18. Throughout Plaintiff's employment, the Defendant generally allowed flexible start times for all of its employees.

19. After Mr. Pierz became Plaintiff's manager, he would constantly check to see when Plaintiff arrived and did not allow her the flexible start time she had previously been afforded, even though the Defendant continued to allow other employees flexibility.

20. Thereafter, Plaintiff questioned Defendant regarding her FMLA status and learned that nothing had been done with the FMLA paperwork she submitted in 2015 and the Defendant did not know where the paperwork was.

21. Plaintiff began communicating with Andi Campbell the Defendant's Vice President of Human Resources on submitting new intermittent FMLA paperwork.

22. Plaintiff submitted new FMLA paperwork in March of 2017 setting for the variable nature of her condition.

23. Defendant denied Plaintiff's FMLA request Plaintiff's physician could not define the exact frequency of her episodes or provide specific dates and times when Plaintiff would need to leave.

24. The Defendant also stated that it was denying Plaintiff FMLA request because she had worked for the Defendant for years without needed FMLA leave and therefore shouldn't need it now.

25. The Defendant never requested further information from Plaintiff's doctor or otherwise provide her with the opportunity to clarify or elaborate on her need for intermittent FMLA leave.

26. Mr. Pierz told Plaintiff he did not and would not care about Plaintiff's disabilities until Human Resources told him that he needed to.

27. Thereafter, Mr. Pierz began disciplining Plaintiff even if she was just one minute late.

28. Plaintiff was given a final warning without the Defendant following the progressive discipline policy it had in place.

29. The scrutiny Mr. Pierz put Plaintiff under increased the symptoms of Plaintiff's disabilities making it even harder for Plaintiff to perform her job duties without accommodation.

30. Defendant terminated Plaintiff's employment on or about August 11, 2017.

**COUNT ONE:** **Disability Discrimination and Failure to Accommodate in violation of Conn. Gen. Stat. § 46a-60(b)(1)**

1. The Plaintiff repeats and re-alleges paragraphs 1 through 30 above as paragraphs 1 through 30 of Count One, as if fully set forth herein.

31. The Defendant discriminated against the Plaintiff on the basis of her disability, as set forth above.

32. The Defendant failed to provide Plaintiff with a reasonable accommodation for medical disability or disabilities, as set forth above.

33. The decision to terminate Plaintiff was motivated, at least in part, by the Plaintiff's disability or disabilities, the Defendant's perception that the Plaintiff suffered from one or more medical disabilities, and / or as a means to deny Plaintiff a reasonable accommodation for her disability or disabilities.

34. As a result of the aforesaid conduct of the Defendant, the Plaintiff has suffered monetary damages, including but not limited to lost wages and other fringe benefits.

35. As a further result of the aforesaid conduct of the Defendant, the Plaintiff has suffered emotional distress.

36. As a further result of the aforesaid conduct of the Defendant, the Plaintiff has expended, and / or will expend, attorney's fees and costs.

**COUNT TWO:**     **Interference in Violation of 29 USC § 2612,** *et seq.*

1. The Plaintiff repeats and re-alleges paragraphs 1 through 30 above as paragraphs 1 through 30 of Count Two, as if fully set forth herein.

31. The defendant interfered with Plaintiff's rights pursuant to the FMLA, as set forth above, in one or more the following ways:

   a. It failed to timely notify Plaintiff whether her leave was being designated as FMLA leave;

   b. It failed to provide her with intermittent leave under the FMLA even though Plaintiff met all the prerequisites to qualify for the same;

   c. Failed to provide Plaintiff with written notice as to why her request for intermittent leave was being rejected;

   d. Failed to provide Plaintiff the requisite opportunity to correct any rejected FMLA certification paperwork;

  e. Terminated Plaintiff's employment based on absences from work that Plaintiff was entitled to cover utilizing intermittent FMLA leave.

37. As a result of the defendant's interference with the Plaintiff's rights under the FMLA, the Plaintiff has suffered monetary damages, including but not limited to lost wages and other fringe benefits.

38. As a further result of the aforesaid conduct of the Defendant, the Plaintiff has expended, and / or will expend, attorney's fees and costs.

**COUNT THREE:** **Retaliation in Violation of 29 USC § 2612,** *et seq.*

1. The Plaintiff repeats and re-alleges paragraphs 1 through 30 above as paragraphs 1 through 30 of Count Three, as if fully set forth herein.

31. The Plaintiff was retaliated against and subject to adverse employment action for attempting to exercise and/or exercising her rights under the FMLA.

32. As a result of the aforesaid conduct of the Defendant, the Plaintiff has suffered monetary damages, including but not limited to lost wages and other fringe benefits.

33. As a further result of the aforesaid conduct of the Defendant, the Plaintiff has expended, and / or will expend, attorney's fees and costs.

**Wherefore,** the Plaintiff prays for the following relief:

1. Monetary damages;

2. Reinstatement or front pay;

3. Costs and reasonable attorney's fees incurred in connection with this action;

4. Prejudgment interest and liquidated damages pursuant to 29 U.S.C. § 2617(a)(1);

5. Any such additional relief as may appear to the Court to be just and equitable.

<div style="text-align: right;">

THE PLAINTIFF,
LAURA GORMAN

By: _____
Michael J. Reilly, Esq.
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Federal Bar NO: ct28651
Email: mreilly@cicchielloesq.com

</div>

<div align="center">

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

</div>

```
-----------------------------------------------------x
                                                     |
LAURA GORMAN                                         |   JURY TRIAL REQUESTED
     Plaintiff                                       |
                                                     |
VS.                                                  |
                                                     |
LAZ PARKING LTD, LLC                                 |   SEPTEMBER 26, 2018
     Defendant                                       |
-----------------------------------------------------x
```

<div align="center">

**JURY DEMAND**

</div>

The Plaintiff herein demands a trial by jury.

<div style="margin-left: 50%;">

THE PLAINTIFF,
LAURA GORMAN

By: _____
Michael J. Reilly, Esq.
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Federal Bar NO: ct28651
Email: mreilly@cicchielloesq.com

</div>

# Exhibit A

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Laura Gorman<br>57 Red Stone Drive<br>Weatogue, CT 06089 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

[ ]   On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 523-2018-00834 | Linda E. Ingle,<br>Investigator | (617) 565-3194 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ]   More than 180 days have passed since the filing of this charge.

[X]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Kenneth A*       SEP 11 2018

Feng K. An,
Area Office Director      (Date Mailed)

Enclosures(s)

cc:   **LAZ PARKING LTD. LLC**
c/o Michael Spagnola, Esquire
Siegel OConnor ODonnell Beck PC
150 Trumbull Street
Hartford, CT 06103

Megan Michaud, Esquire
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114